**Barman ABBASSI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70110.

INS No. A27–628–848.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM**

Barman Abbassi, a native and citizen of Iran, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Abbassi's action under 8

We review for abuse of discretion the BIA's denial of Abbassi's motion to reopen. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). We deny Abbassi's petition for review because he filed his motion to reopen long after the 90–day deadline for filing had passed, and because he did not qualify for an exception to the deadline by offering adequate evidence of changed circumstances arising in Iran. *See* 8 C.F.R. § 3.2(c)(2)-(3)(ii). Hearsay evidence suggesting that a translator who worked on Abbassi's earlier asylum application now lives in Iran and "would get a person in trouble if he has to or wants to ..." is not material to Abbassi's asylum claim. *See Elias–Zacarias v. U.S. INS,* 921 F.2d 844, 854 n. 13 (9th Cir.1990) (holding that evidence is material if it "tend[s] to strengthen the alien's claim for relief ...."), *rev'd on other grounds by* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

PETITION FOR REVIEW DENIED.

---

U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *see Kalaw v. INS,* 133 F.3d 1147, 1150–51 (9th Cir.1997).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.Civ.P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

